UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                               )

NOEL VALIENTE,              )
              *Plaintiff,*   )
                        )    Docket No. _____

   - against -          )
                        )    **VERIFIED COMPLAINT**

KINGDOM OF THAILAND and THE   )
PERMANENT MISSION OF THAILAND  )
TO THE UNITED NATIONS,       )
                 *Defendants.*  )
                        )
-------------------------------------------------------x

Plaintiff NOEL VALIENTE ("Plaintiff"), by and through his attorneys, the Law Office of Felix Vinluan, as and for his Complaint against Defendants KINGDOM OF THAILAND and the PERMANENT MISSION OF THAILAND TO THE UNITED NATIONS (collectively, "Defendants"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action brought by a United States citizen and former operational employee against a foreign sovereign nation acting as a private employer in the United States.

2. Plaintiff seeks monetary damages for severe personal injuries sustained on June 11, 2025, while working as a Doorman at the Permanent Mission of Thailand to the United Nations, located at 136 East 39th Street, New York, NY 10016.

3. At all times relevant, Defendants failed to secure and maintain mandatory workers' compensation insurance coverage for their locally hired operational employees, in direct violation of the New York State Workers' Compensation Law.

1

4.      Accordingly, pursuant to New York Workers' Compensation Law § 11, Plaintiff maintains this private right of action for damages arising out of Defendants' negligence and failure to provide safe workplace conditions.

## JURISDICTION AND VENUE

5.      Subject-matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1330(a), which grants federal district courts original jurisdiction over any nonjury civil action against a foreign state as defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, where the foreign state is not entitled to immunity.

6.      Defendants are not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2) (the "Commercial Activity Exception") because this action is based upon a commercial activity carried on in the United States by a foreign state – specifically the commercial hiring and employment of Plaintiff, a U.S. citizen working in a non-sovereign, ministerial, non-governmental, non-consular administrative, clerical, and operational capacity as a Doorman within the United States.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(f)(1) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York, and because Defendant Permanent Mission is located within this District.

## PARTIES

8.      At all times hereinafter mentioned, Plaintiff Noel Valiente was, and remains, a citizen of the United States and a resident of the State of New York, residing at Woodside, New York.

9.      At all times hereinafter mentioned, Defendant Kingdom of Thailand was and is a foreign sovereign nation.

10.      At all times hereinafter mentioned, Defendant, The Permanent Mission of Thailand to he United Nations, was and is the diplomatic organ of said foreign sovereign nation, maintaining offices located at 136 East 39th Street, New York, New York 10016.

## FACTUAL ALLEGATIONS

11.      On or about October 1, 2013, Defendants entered the local New York labor market and hired Plaintiff to work in an operational, non-sovereign capacity as a Doorman at the Permanent Mission located at 136 East 39th Street, New York, NY.

12.      Plaintiff is a United States citizen, and was not a diplomat, military attaché, policy-maker, or high-level civil servant for the Kingdom of Thailand.

13.      Plaintiff's job duties as a Doorman were strictly ministerial and operational, consisting of greeting visitors, managing building access, monitoring entrants, and preserving basic property safety. These duties are identical to those performed by private-sector doormen throughout New York City.

14.      Plaintiff possessed no diplomatic rank, had no role in formulating state policy, and handled no classified governmental communications.

15.      Plaintiff performed these commercial services in exchange for regular wage payments from Defendants. The employment arrangement was at-will, and no formal, written civil service employment contract was executed.

16.      At all times relevant, Defendants were legally required under the laws of the State of New York to secure and maintain workers' compensation insurance coverage for their locally hired employees, including Plaintiff.

17. In violation of New York law, Defendants chose to operate as a commercial employer in New York and failed to register for, pay into, or maintain New York State workers' compensation coverage, or any equivalent private insurance policy, for their locally hired non-consular staff, including Plaintiff.

18. As an employer, Defendants owed Plaintiff a non-delegable duty to maintain or otherwise provide workers' compensation insurance coverage for Plaintiff.

19. As an employer, Defendants owed Plaintiff a non-delegable duty to maintain a reasonably safe workplace and to implement basic, low-level operational safety measures to protect employees, including Plaintiff, from foreseeable physical harm.

20. At all times relevant, Plaintiff was acting within the course and scope of his employment as a Doorman.

21. On or about June 11, 2025, while Plaintiff was actively performing his routine clerical duties within and about the Defendants' premises, an unknown third-party individual approached and remained in front of the Permanent Mission premises and launched a violent, unprovoked physical attack against Plaintiff, striking him repeatedly and causing severe physical trauma.

22. Prior to and during the attack, Defendants failed to implement basic, reasonable workplace safety measures to protect external-facing employees, including but not limited to: failing to provide backup personnel, failing to install a fence or guardrail and/or functional panic alarms at the exterior station, and failing to establish clear emergency intervention protocols.

23. Furthermore, despite possessing live internal security monitors displaying the exterior area, Defendants' personnel failed to properly monitor the feeds, failed to intervene, and

failed to call local emergency services or law enforcement in a timely manner while the attack was ongoing.

24.     As a direct and proximate result of the breach of Defendants' operational and security failures, Plaintiff suffered severe, painful, and permanent physical injuries, nervous shock, and mental anguish.

25.     Plaintiff required, and will continue to require, extensive medical treatment, hospital care and/or out-patient rehabilitation, and has suffered substantial economic damages, including lost wages and diminished earning capacity.

26.     Because Defendants failed to maintain workers' compensation insurance coverage, Plaintiff was entirely barred from receiving standard state-administered medical and disability benefits, resulting in massive out-of-pocket medical debts and loss of wages.

## FIRST CAUSE OF ACTION
### Negligence/Failure to Provide a Safe Workplace under N.Y. Workers' Comp. Law § 11

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Because Defendants failed to secure required workers' compensation insurance coverage, Plaintiff is entitled to maintain this private civil action for damages pursuant to New York Workers' Compensation Law § 11.

29.     Defendants breached their duty as a commercial employer to provide a safe workplace by failing to exercise reasonable care in their low-level, routine, and operational maintenance of building access and security.

30.     Defendants knew or should have known that their low-level maintenance and operational failures created a foreseeable risk that unauthorized, dangerous individuals would remain in or about their premises and harm staff.

5

31.     Defendants' operational breaches and omissions were a direct and proximate result of the severity of the injuries and subsequent damages suffered by Plaintiff.

32.     Defendants' negligence was the direct and proximate cause of the third-party intrusion and the resulting severe physical assault upon Plaintiff.

33.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered permanent physical injuries, severe physical pain, emotional distress, and a long-term diminution of earning capacity in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, as follows:

(a)     Compensatory damages against all Defendants, jointly and severally, for physical injuries, pain, and suffering in an amount to be determined at trial;

(b)     Special damages for all past, present, and future medical expenses and lost wages;

(c)     Reasonable attorney's fees, expert fees, and the costs and disbursements of this action; and

(d)     Such other and further relief as this Court deems just and proper.

Dated: July 27, 2026.
       Woodside, New York.

LAW OFFICE OF FELIX VINLUAN

By: _____
       FELIX Q. VINLUAN, Esq.
       6910 Roosevelt Avenue, 2nd Floor
       Woodside, NY 11377
       Tel. No. 718-478-4488
       Email: fqvinluan@yahoo.com
       *Attorneys for the Plaintiff*

## VERIFICATION

STATE OF NEW YORK      )
                                 ) S.S.
COUNTY OF QUEENS      )

I, NOEL VALIENTE, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof.   The contents thereof are true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                                **NOEL VALIENTE**

SUBSCRIBED AND SWORN to before me this 27th day of July 2026 in Queens County, State of New York.

                                              Notary Public

FELIX Q. VINLUAN
Notary Public, State of New York
No. 02VI6129101
Qualified in Nassau County
Commission Expires June 20, 2029